USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/15/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANA MARTINY,

                                                      **Plaintiff,**

                    -against-

**DONNA INTROCASO-ALLISON,**

                                                      **Defendant.**

-----------------------------------------------------------------X

**17-CV-09559 (SN)**

**OPINION AND ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff commenced this action on December 6, 2017, asserting claims for reformation of contract, breach of contract, rescission of contract, conversion, and punitive damages. On July 26, 2018, Plaintiff moved for partial summary judgment on her claims for reformation and breach of contact. For the reasons set forth below, Plaintiff's motion is GRANTED.

## BACKGROUND

The relevant facts are undisputed. Plaintiff and Defendant signed a loan agreement (the "Agreement") on September 29, 2016. ECF No. 32, Exhibit 1, Defendant's Rule 56.1 Statement ("Def's 56.1 Stmt."), at ¶ 5. Under the Agreement, Plaintiff promised to loan Defendant $500,000, to be repaid in six months' time, on April 30, 2016, with 20% interest. ECF No. 28, Declaration of Arlene F. Boop ("Boop Declaration"), at Exhibit E. Both parties agree that the written contract contains a typographical error. Def's 56.1 Stmt., at ¶ 10. Although the agreement provides a repayment date of April 30, *2016*, the parties intended for a repayment date of April 30, *2017*. Id.

In reliance on the terms of the Agreement, Plaintiff wired Defendant a total sum of $500,023.53 between September 29, 2016 and October 5, 2016. Def's 56.1 Stmt., at ¶ 7. Defendant has not repaid the funds. Id. at ¶ 9.

## LEGAL STANDARD

Summary judgment must be granted if the parties' submissions show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In making this determination, the Court is to "draw all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party opposing the motion." Doe v. City of New York, 15-CV-01117, 2018 WL 6095847 (S.D.N.Y. Nov. 21, 2018) (quoting Rodriguez v. City of New York, 72 F.3d 1051, 1061 (2d Cir. 1995)).

## DISCUSSION

Plaintiff moves for summary judgment on two causes of action: (1) reformation of contract; and (2) breach of contract. ECF No. 29, Plaintiff's Brief ("Pl.'s Br."), at 1. Defendant concedes that Plaintiff is entitled to judgment for breach of contract and contends that, as a result, Plaintiff's relief under Count I (reformation) is moot. ECF No. 32, Defendant's Brief ("Def's Br."), at 1. Because no reasonable jury could return a verdict in Defendant's favor, Plaintiff's motion for partial summary judgment is granted.

**I.      Reformation**

Plaintiff argues that the Agreement should be reformed to reflect a repayment deadline of April 30, 2017. The Court agrees.

Under New York law, the proponent of reformation must "show in no uncertain terms, not only that mistake or fraud exists, but exactly what was really agreed upon between the parties." Collins v. Harrison-Bode, 303 F.3d 429, 435 (2d Cir. 2002) (quoting Chimart Associates v. Paul, 66 N.Y.2d 570, 574 (1986)). Here, the Agreement — which was executed on September 29, 2016 — states that Defendant shall repay Plaintiff's loan by April 30, 2016. Boop Decl., at Exhibit E. This provision is nonsensical, as it sets the repayment deadline five months *before* the Agreement was executed. Indeed, Defendant admits that the final contract should read, "April 30, 2017," rather than "April 30, 2016." Def's 56.1 Stmt., at ¶ 10. Accordingly, Plaintiff has shown that the parties made a mutual mistake and that they intended to set a repayment deadline of April 30, 2017. Plaintiff is therefore entitled to summary judgment on her reformation claim.

**II.     Breach of Contract**

Plaintiff argues that Defendant breached the Agreement by not repaying the loan by April 30, 2017. To state a claim for breach of contract, a party must allege: (1) the existence of a contract; (2) performance of the contract by that party; (3) breach of the contract by the other party; and (4) damages as a result of the breach. Mashreqbank, PSC v. ING Group N.V., No. 13-CV-2318, 2013 WL 5780824, at *4 (S.D.N.Y. Oct. 25, 2013) (citing First Investors Corp. v. Liberty Mutual Insurance, 152 F.3d 162, 168 (2d Cir. 1998)). Here, no reasonable jury could conclude that Defendant did not breach the Agreement. Defendant admits that: (1) Plaintiff and Defendant signed the Agreement on September 29, 2016; (2) Plaintiff, pursuant to the final

contract, provided Defendant with $500,023.53; and (3) Defendant has not repaid the funds. Def's 56.1 Stmt., at ¶¶ 5, 7, 9. Accordingly, Plaintiff is entitled to summary judgment on her breach of contract claim.

### III. Damages and Prejudgment Interest

Plaintiff seeks $500,023.53 in restitution damages. Pl's Br., at 8. As discussed above, Defendants concedes that "Plaintiff is entitled to judgment . . . for breach of contract for $500,023.53." Def's Br. At 2. For this reason, the Court will enter judgment on Count II of Plaintiff's Complaint in the amount of $500,023.53.

Plaintiff also seeks an award of pre-judgment interest. In a diversity case, state law governs the award of prejudgment interest. Schipani v. McLeod, 541 F.3d 158, 164 (2d Cir. 2008). Prejudgment interest is awarded under New York law as a matter of right for contract damages. Stanford Square, LLC v. Nomura Asset Capital Corp., 232 F. Supp. 2d 289, 292 (S.D.N.Y. 2002) (citing New York Civil Practice Laws and Rules ("C.P.L.R.") § 5001). Interest shall be computed "from the earliest ascertainable date the cause of action existed." C.P.L.R. § 5001(a). When there is no precise date for payment specifically fixed in the parties' contract, the cause of action accrues when payment is demanded. Citibank, N.A. v. Barclays Bank, PLC, 28 F. Supp. 3d 174, 185 (S.D.N.Y. 2013). In contrast, where the contract specifies a date on which it will be deemed to have been breached, prejudgment interest is calculated from that date. Stanford Square, 232 F. Supp. 2d at 292. Interest shall be at the rate of 9% per annum. C.P.L.R. § 5004.

Here, the Agreement stated that Defendant was required to repay Plaintiff's loan on a specific date. That date, as reformed under Part I of the Court's Opinion and Order, was April

30, 2017. Accordingly, Plaintiff is entitled to prejudgment interest from April 30, 2017, through the date of judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment is GRANTED. The Clerk of Court is directed to enter partial judgment in favor of Plaintiff as to Counts I and II in the amount of $500,023.53. Plaintiff shall be awarded prejudgment interest on that amount from April 30, 2017, to the date of judgment at the rate of 9% per annum. In addition, Plaintiff's claim for rescission of contract is dismissed without prejudice as moot.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 28.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     January 15, 2019
           New York, New York