USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANA MARTINY,

                                       **Plaintiff,**                      17-CV-09559 (SN)

-against-

                                                                      **OPINION & ORDER**

DONNA INTROCASO-ALLISON,

                                       **Defendant.**

----------------------------------------------------------- X

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff filed this motion for dispositive sanctions pursuant to Federal Rule of Civil Procedure 37(b) on February 27, 2019. The motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff filed her complaint on December 6, 2017, asserting claims for reformation of contract, breach of contract, rescission of contract, conversion and punitive damages. The Court granted partial summary judgment on the reformation, rescission, and breach of contract claims on January 15, 2019, and entered judgment in favor of Plaintiff for $500,023 plus interest. This motion followed immediately after the Court's partial summary judgment decision. It seeks case dispositive sanctions on the remaining conversion count and an award of punitive damages.[1]

The basis for the sanctions motion is Defendant's consistent failure to comply with the Court's orders and her discovery obligations. Throughout this litigation, Defendant has been ordered and refused to respond to Plaintiff's discovery requests. The Court has ordered

---

[1] Plaintiff refers to the request for punitive damages as a "count" and "cause of action." Punitive damages are a type of damages, not a claim for relief. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) ("[T]here is no separate cause of action in New York for punitive damages").

1

Defendant to comply with her discovery obligations at least three times. The parties served initial discovery requests in May 2018. One month later, on June 15, 2018, the parties submitted a joint status letter informing the Court that Defendant had not responded to Plaintiff's discovery requests. ECF No. 23. Accordingly, the Court ordered Defendant to respond by July 9, 2018. ECF No. 24. On July 12, 2018, the parties submitted a second status letter, again informing the Court that Defendant had not responded to discovery requests. ECF No. 25. A week later, following a telephone conference with the parties, the Court again ordered Defendant to respond to Plaintiff's discovery requests by July 27, 2018. ECF No. 27. By August of 2018, the parties seemed prepared to settle and the matter was stayed through September 14, 2018, to facilitate negotiation. Settlement negotiations proved unfruitful though, and on November 5, 2018, the parties submitted another joint status letter informing the Court for a third time that Defendant had still not responded to discovery requests. ECF No. 42. The Court again ordered that Defendant respond to discovery requests by January 11, 2019. In the alternative, the Court invited Plaintiff to file a motion seeking appropriate relief. ECF No. 43. In their January 15, 2019 joint status letter, the parties informed the Court for a fourth time of Defendant's failure to respond to discovery requests and of her failure to attend her own deposition. ECF No. 44. Following a telephone conference on January 25, 2019, the Court ordered Plaintiff to file a motion for relief. See ECF No. 47. A month later, on February 27, 2019, Plaintiff filed this motion for case dispositive sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

## LEGAL STANDARD

A district court has "wide discretion in sanctioning a party for discovery abuses." <u>Reilly v. Natwest Markets Grp. Inc.</u>, 181 F.3d 253, 267 (2d Cir. 1999). Rule 37(b)(2) provides a non-exhaustive list of sanctions for failure to obey a court order compelling discovery, including,

*inter alia*, directing that "matters embraced in the order or other designated facts be taken as established" and "rendering a default judgment against the disobedient party." In addition, Rule 37(b)(2)(C) requires a court to order a party who has disobeyed discovery orders to pay reasonable expenses, including attorney's fees, caused by the noncompliance "unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Factors relevant to the court's determination of appropriate sanctions are: "(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995)). When failure to comply with a court order is "due to willfulness, or bad faith, or is otherwise culpable," severe sanctions like default judgment and taking adverse facts as established are justified. See Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991).

## DISCUSSION

Plaintiff requests that the Court enter judgment on her conversion claim and grant her punitive damages. Specifically, the Plaintiff requests that the "Court determine facts in a manner adverse to Defendant" such that Plaintiff would be entitled to judgment on her conversion claim and an award of punitive damages. Although no fraud count is pled, Plaintiff also requests that the Court find that Defendant's conduct alleged in the complaint constituted intentional fraud. Plaintiff argues that Defendant's refusal to respond to discovery requests or appear at her deposition deprived Plaintiff of an opportunity to establish that the Defendant misappropriated

Plaintiff's investment for a purpose other than what Plaintiff intended. Such discovery would have also established the fraudulent nature of Defendant's conduct.

Defendant does not contest that she has failed to provide any discovery. She also does not offer an explanation or excuse for her noncompliance. Nonetheless, Defendant argues that, despite numerous refusals to comply with court orders, she should not be sanctioned or ordered to pay punitive damages. Defendant argues that Plaintiff has failed to state a claim for conversion or to plead a distinct claim of common law fraud. Defendant also argues that Plaintiff's breach of contract claim was resolved and that further relief arising from Defendant's failure to comply with discovery orders is therefore unwarranted.

**I.     Default Judgment on Conversion Claim**

To state a claim for conversion, a plaintiff must establish (1) legal ownership of a specific, identifiable piece of property; and (2) the defendant's exercise of dominion over or interference with the property in defiance of the plaintiff's rights. Regions Bank v. Wieder & Mastroianni, P.C., 526 F. Supp. 2d 411, 413 (S.D.N.Y. 2007), aff'd, 268 F. App'x 17 (2d Cir. 2008). If the defendant's possession was initially lawful, conversion is established only if she refuses to return the property or wrongfully transfers or disposes of it before a transfer is made. Id. Even if a plaintiff can establish the elements, a claim for conversion will be dismissed if it is merely duplicative of a breach of contract claim. See Wechsler v. Hunt Health Sys., Ltd., 330 F. Supp. 2d 383, 431 (S.D.N.Y. 2004) (noting that a conversion claim may be dismissed as duplicative of a contract claim even though the conversion claim "satisf[ies] the technical elements of that tort" (internal quotation marks and citation omitted)); Richbell Info. Servs., Inc. v. Jupiter Partners, 765 N.Y.S.2d 575, 590 (1st Dep't 2003) (holding that plaintiff's action for

conversion, "while satisfying the technical elements of that tort, was properly dismissed as duplicative of the insufficient contract claims" (citations omitted)).

The parties dispute whether a conversion claim lies where the property at issue is money. "Where the property is money, it must be specifically identifiable and be subject to an obligation to be returned or to be otherwise treated in a particular manner." Republic of Haiti v. Duvalier, 626 N.Y.S.2d 472, 475 (1st Dep't 1995). Conversely, "if the allegedly converted money is incapable of being described or identified in the same manner as a specific chattel, it is not the proper subject of a conversion action." Cal Distrib., Inc. v. Cadbury Schweppes Ams. Beverages, Inc., No. 06-CV-0496 (RMB), 2007 WL 54534, at *11 (S.D.N.Y. Jan. 5, 2007) (quoting Interior by Mussa, Ltd. v. Town of Huntington, 664 N.Y.S.2d 970, 972 (2d Dep't 1997)). See also Horn v. Toback, 989 N.Y.S.2d 779, 782 (2d Dep't 2014) (holding that defendant was entitled to summary judgment on conversion claim because the claim "seeks merely to recover an allegedly unpaid debt, and does not seek to recover money from a discrete, identifiable fund"); Grgurev v. Licul, 229 F. Supp. 3d 267 (S.D.N.Y. 2017) (denying motion to dismiss where funds were specifically identifiable as federal disaster relief funds).

While Plaintiff was denied the opportunity to develop facts to establish that the money she invested was "specifically identifiable," her pleadings allege nothing that would entitle her, as a matter of law, to judgment on this claim. The Court is unwilling to exercise its discretion to invent facts to support a conversion claim on what is essentially an unpaid debt claim. See Compl. Count IV for Conversion, ¶¶ 66-67 ("Defendant obtained from Plaintiff $500,023.53 that belonged to Plaintiff . . . .[and] Defendant failed and continues to fail to perform her obligations to Plaintiff: to return the money Plaintiff provided with interest."). Moreover, because Plaintiff has already been made whole—at least by judgment—on her breach of contract claim, her claim

for conversion is duplicative and should be dismissed. See AD Rendon Commc'ns, Inc. v. Lumina Americas, Inc., No. 04-CV-8832 (KMK), 2007 WL 2962591, at *5 (S.D.N.Y. Oct. 10, 2007) (declining to award damages on both conversion and breach of contract where plaintiff would otherwise "in effect be paid twice"). Because Plaintiff is not entitled to further relief, the Court dismisses the claim for conversion.

## II. Whether Defendant's Conduct is Sanctionable

Although the Court declines to enter default judgment on the conversion claim, I consider whether Plaintiff is entitled to other Rule 37 sanctions considering Defendant's repeated and unexplained noncompliance with discovery orders.

### A. Willfulness of Noncompliance

In determining appropriate sanctions, the Court begins by considering "the willfulness of the non-compliant party or the reason for noncompliance." Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const., 88 F. Supp. 3d 250, 263 (S.D.N.Y. 2015) (citing World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012)). At no point in this litigation has Defendant provided a reason for her noncompliance. Even now, facing terminating sanctions, Defendant acknowledges that it "cannot be disputed" that she has produced no discovery but provides no explanation for her failure to obey the Court's orders. In the absence of any justification for her undisputed noncompliance with repeated discovery orders, I find Defendant's discovery misconduct to be willful.

### B. Efficacy of Lesser Sanctions

Despite having been ordered to respond to Plaintiff's discovery requests at least three times, Defendant has neither complied with her discovery obligations nor provided an explanation for her failure to do so. In her reply, acknowledging Plaintiff's request for

dispositive sanctions, Defendant fails to offer a reason for her noncompliance, instead arguing that she should not be sanctioned because of the weakness of Plaintiff's underlying claims. Of course, Defendant's conduct has prevented Plaintiff from developing her claims. The Court is not convinced that lesser punishment or additional warnings would result in Defendant's compliance, and the Court need not exhaust possible lesser sanctions to make that determination. See Shcherbakovskiy v. Seitz, 450 F. App'x 87, 88 (2d Cir. 2011) (citing S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010)).

### C. Duration of Noncompliance

The Court first ordered Defendant to respond to Plaintiff's discovery requests more than fifteen months ago, on June 15, 2018. To date, Defendant has not complied with that or any of the Court's subsequent orders. This lengthy period of noncompliance demonstrates Defendant's deliberate disregard for the Court's orders and warrants severe sanctions. See Murray v. Mitsubishi Motors of N. Am., Inc., 462 F. App'x 88, 90 (2d Cir. 2012) (affirming dismissal as sanction for one year of discovery noncompliance); Yadav v. Brookhaven Nat. Lab., 487 F. App'x 671, 673 (2d Cir. 2012) (affirming dismissal after three months of noncompliance); Embuscado v. DC Comics, 347 F. App'x 700, 701 (2d Cir. 2009) (same).

### D. Whether the Noncompliant Party Has Been Warned

Defendant has been on notice that failure to comply with the Court's orders could result in harsh sanctions, up to and including default judgment. The Court's January 11, 2019 Order indicated that Defendant's continued refusal to respond to discovery requests would result in Plaintiff's motion for appropriate relief. The Court again warned Defendant in the January 25, 2019 discovery conference. The Court put this warning in writing in an order granting Plaintiff leave to seek sanctions. Defendant, who is represented by counsel, surely understood the risk she

ran by her continual noncompliance with discovery orders. See Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 452 (2d Cir. 2013) (*pro se* defendant sufficiently warned even where district court did not specifically warn of risk of default judgment).

### III. Adverse Findings and Punitive Damages

Plaintiff requests that the Court treat certain facts as established to entitle Plaintiff to punitive damages on either her breach of contract or conversion claims. Specifically, Plaintiff asks the Court to deem as established that Defendant acted fraudulently, holding herself out as a wealthy and well-connected businessperson to induce Plaintiff to invest in a purportedly non-existent venture. Plaintiff further requests that the Court take as fact that Defendant's conduct was part of a pattern meant to defraud individuals other than Plaintiff.

Ordinarily, punitive damages are not available for breach of contract. See Bruen v. Savage, No. 92-CV-0586 (CSH), 1994 WL 97111, at *1 (S.D.N.Y. Mar. 23, 1994). Only "where the breach of contract also involves a fraud evincing a 'high degree of moral turpitude' and demonstrating 'such wanton dishonesty as to imply a criminal indifference to civil obligations'" are punitive damages warranted and even then only if the conduct was "'aimed at the public generally.'" See Rocanova v. Equitable Life Assur. Soc. of U.S., 83 N.Y.2d 603, 613, 634 N.E.2d 940 (1994). With respect to conversion (which the Court dismisses as duplicative of the contract claim), punitive damages may be granted only where "circumstances show that the conversion was accomplished with malice, insult, reckless and willful disregard for plaintiff's rights, or by other proof evidencing the aggravated nature of the act." Morales v. Kavulich & Assocs., P.C., 294 F. Supp. 3d 193, 198 (S.D.N.Y. 2018) (quoting Caballero v. Anselmo, 759 F.Supp. 144, 153 (S.D.N.Y. 1991)). The circumstances in which New York law allows punitive damages are "singularly rare." Cresswell v. Prudential-Bache Sec., Inc., No. 83-CV-2099

(RWS), 1986 WL 14921, at *2 (S.D.N.Y. Dec. 23, 1986) (citations and internal quotation marks omitted).

Rule 37 sanctions are meant to "restore the parties to the position they would have occupied but for breach of discovery obligations and deter future misconduct." In re Sept. 11th Liab. Ins. Coverage Cases, 243 F.R.D. 114, 132 (S.D.N.Y. 2007). It is true that the information Plaintiff would need to entitle her to punitive damages is the sort of information she sought to reveal through discovery. See Adrian Shipholding Inc. v. Lawndale Grp. S.A., No. 08-CV-11124 (HB) (GWG), 2012 WL 104939, at *8 (S.D.N.Y. Jan. 13, 2012), report and recommendation adopted, 2012 WL 407475 (S.D.N.Y. Feb. 9, 2012) (personal jurisdiction established where "sanction relates to the very issue that plaintiffs sought to elucidate through discovery") (citing Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 708 (1982)). But even if Defendant had complied with all of her discovery obligations, punitive damages for breach of contract are so unusual that that it is unlikely that Plaintiff would have been able to establish the "evil motive" or "extreme degree" of morally culpable conduct to clear the high bar needed to warrant them. See 24/7 Records, Inc. v. Sony Music Entm't, Inc., 566 F. Supp. 2d 305, 321 (S.D.N.Y. 2008).

Moreover, whether to award punitive damages is a matter of such factual complexity that it is usually determined at trial. See id. The Court is not aware of, nor has Plaintiff cited, any cases in which findings of fact related to a punitive damages award were established as a Rule 37(b) sanction. The types of facts normally deemed established have to do with jurisdiction or liability rather than with moral culpability. See, e.g, Daval Steel Prod., 951 F.2d at 1368 (taking that parties were alter egos of one other as established); Knox v. Palestine Liberation Org., 229 F.R.D. 65, 67 (S.D.N.Y. 2005) (taking as established that defendants had sufficient contacts with

United States to support personal jurisdiction). The elements Plaintiff would need to prove to justify punitive damages are not the kind of facts the Court finds appropriately established as a Rule 37 sanction. It would be inappropriate, and arguably an abuse of the Court's discretion, to imagine and establish the outrageous facts needed to entitle the Plaintiff to punitive damages. Though it finds that Defendant's noncompliance worthy of severe sanctions, the Court declines to take Defendant's fraudulent conduct as an established fact or to award punitive damages arising from Plaintiff's conversion or breach of contract claims.

## IV. Attorney's Fees

If a party disobeys a court's discovery order, Rule 37(b)(2)(C) provides that in the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." As discussed above, Defendant's conduct was especially egregious. Defendant disobeyed at least three orders to produce discovery and never provided any justification. Plaintiff's litigation costs were driven up not only by Defendant's repeated noncompliance with discovery orders but also by her needlessly stringing Plaintiff along through unproductive settlement negotiations. During settlement discussions, including a settlement conference before the Court, Defendant expressed a willingness to settle and claimed that she had access to various funding sources. But Defendant never paid Plaintiff nor provided any assurance of her ability to do so. Defendant's apparent bad faith settlement offers combined with her discovery misconduct resulted in an unnecessarily prolonged litigation. Though the Court declines to order default judgment or punitive damages, I find it an appropriate sanction to award Plaintiff fees and costs incurred as of June 18, 2018, the first order directing Defendant to comply with her discovery obligations. Such sanction is

directly related to the harm Defendant's conduct has caused: that of needless litigation costs without a good faith basis.

## CONCLUSION

Because of Defendant's repeated refusal to comply with the Court's discovery orders or provide any justification for this noncompliance, sanctions are warranted. Accordingly, Plaintiff's request for Rule 37 sanctions is GRANTED in part. Plaintiff is entitled to attorney's fees and reasonable expenses incurred in this action from June 18, 2018, to the date of this order. The parties are ORDERED to meet and confer regarding Plaintiff's attorney's fees in an attempt to reach an agreement of an appropriate amount. If the parties reach agreement, Plaintiff shall submit a proposed final judgment for the Court's consideration. If the parties are unable to reach agreement, Plaintiff is directed to file an application with the Court for reasonable fees and costs. Plaintiff's requests for default judgment on her conversion claim and for an award of punitive damages are DENIED.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 48.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: September 23, 2019
New York, New York